IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA HERDER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-4082 |
| : | |
| JUDGE MINEHART, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

YOUNGE, J.                                                                                           DECEMBER 1, 2023

Plaintiff Joshua Herder, a prisoner currently confined at SCI Waymart, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that his due process rights in his state law criminal proceeding were violated when he was convicted without being formally arraigned. For the following reasons, the Court will grant Herder leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice.

## I.     FACTUAL ALLEGATIONS[1]

Herder names two Defendants in his Complaint: (1) Judge Minehart of the Philadelphia Court of Common Pleas, who sentenced Herder in his state criminal case; and (2) "Warden Wahl SCI Waymart."[2] (*See* Compl. at 1-2.) The allegations in Herder's Complaint are disjointed,

---

[1] The facts set forth in the Memorandum are taken from Herder's Complaint and other public records of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch Dist.*, 452 F.3d 256, 260 (3d Cir. 2006.) The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] This is Herder's second Complaint against these two Defendants. *See Herder v. Wahl*, No. 23-998 (E.D. Pa.), at ECF No. 1. In the prior case, Herder alleged that he was wrongly convicted of first-degree murder and that his speedy trial rights were violated. *See id*. In a May 3, 2023 Memorandum and Order, the Court dismissed Herder's Complaint with prejudice because the only relief he sought was release from prison, which "is not cognizable in a civil rights action." *Herder v. Wahl*, No. 23-0998, 2023 WL 3229936, at *2 (E.D. Pa. May 3, 2023).

difficult to understand, and at times, indecipherable. He appears to assert a § 1983 claim based on a due process violation, alleging that he was not arraigned in his state court criminal matter.[3] (*Id*. at 3.) Herder also alleges "day & night repeated rap and reaccuring [sic]."[4] (*Id*. at 5.) As injuries, Herder alleges "bleeding butthole" and "throwing up from date rap[e] drugs." (*Id*.) For relief, he requests "to be released ASAP"[5] and also states "pain and suffering," which he alleges he "will settle out of court."[6] (*Id*.)

---

[3] Herder also checks the box on his form complaint indicating that he intends to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *Bivens* provides a remedy for certain constitutional violations committed by federal actors. However, no federal Defendants are named in the Complaint and there are no allegations suggesting that any conduct was committed by a federal actor.

[4] It is unclear whether Herder is alleging a sexual assault and if he is, by whom, when it occurred, and whether it occurred while he was incarcerated. The Court will liberally construe the allegations and infer that Herder also intends to assert an Eighth Amendment claim for sexual abuse. *See infra* at § III.C.

[5] Herder's request to be released from prison must be dismissed. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002) (explaining that "whether *Preiser* and its progeny require a claim to be brought under habeas" is determined by whether "the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor"). As set forth below, allegations that Defendants violated his due process rights by failing to provide an arraignment hearing cannot form the basis of an underlying constitutional violation under § 1983. *See infra* at § III.B. Accordingly, Herder's request for release from prison is not cognizable in a civil rights action such as this one. Rather, if he seeks to challenge his state court conviction in federal court, he must pursue his claims in a habeas petition. Public records reflect that on June 14, 2022, Herder filed a federal habeas corpus petition alleging violations of his due process as well as speedy trial rights. *See Herder v. Warden of SCI-Waymart*, Civ. A. No. 22-2365 (E.D. Pa.). The habeas petition is pending in the United States District Court for the Eastern District of Pennsylvania and counsel has been appointed to represent Herder in that matter. (*See id.*) Dismissal of § 1983 claims in this case does "not constitute a bar to any collateral attacks by [Herder] against his state proceedings." *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (*per curiam*).

[6] Although it is not entirely clear, the Court understands Herder's request for pain and suffering to be a request for money damages. Herder also mentions "religious pers[ecution]" in

**II.     STANDARD OF REVIEW**

The Court will grant Herder leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Herder is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

response to a question in his Complaint about his prisoner status. (*See* Compl. at 4.) However, Herder does not include any facts to support a plausible religious discrimination claim.

In addition, Herder attaches to his Complaint an August 11, 2010 letter purportedly from him to the Defender Association of Philadelphia. (*See* Compl. at 12-15.) The letter appears to be written in a different handwriting and relates to requests for records and mental health evaluations. (*See id.*) It is unclear why Herder included the attachment. In any event, the attachment fails to allege a plausible claim against the named Defendants.

[7] As Herder is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

## III.  DISCUSSION

The Court understands Herder to be asserting a due process claim based on allegations that he was not arraigned in his state court criminal case. Liberally construing the Complaint, the Court also understands Herder to assert a sexual abuse claim under the Eighth Amendment. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.  Claims against Judge Minehart

Herder's claims against Judge Minehart must be dismissed because Judge Minehart is entitled to judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). The state

4

court docket reveals that Judge Minehart presided over Herder's criminal trial. *See Commonwealth v. Herder*, Nos. CP-51-CR-0007152-2008, CP-51-CR-0007157-2008 (C.P. Philadelphia). Since Herder's claims against Judge Minehart appear to be based on acts he took in his judicial capacity in a case over which he clearly had jurisdiction to act, Judge Minehart is entitled to absolute immunity for those claims.

    **B.    Due Process Claim**

The Court will next consider Herder's due process claim against the remaining Defendant, Wahl. Although it is not entirely clear, Herder appears to allege that he was not arraigned in his state court criminal matter and that the absence of any arraignment violated his due process rights. By listing "pain and suffering" as a form of relief sought in his Complaint, Herder appears to seek money damages in addition to his requested release from prison. When a plaintiff seeks damages in a civil rights lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

A due process claim based on defects with respect to the state-court arraignment process is barred by *Heck* because it necessarily implies the invalidity of the associated conviction or

sentence.[8]  *See Byrd v. Finley*, No. 19-6879, 2023 WL 1420445, at *8-10 (D.N.J. Jan. 31, 2023) (dismissing on screening a § 1983 due process claim based on delayed arraignment because the claim is barred by *Heck*); *Cavallero v. Idaho*, No. 20-117, 2020 WL 4450952, at *2 (D. Idaho Aug. 3, 2020) ("[W]hen a plaintiff asserts in a civil rights action that a defendant's actions in an arraignment resulted in an unlawful conviction, a § 1983 suit is not the proper vehicle through which to mount what is essentially a collateral challenge to the validity of his federal criminal conviction, because of the *Heck v. Humphrey* bar." (citations and internal quotations omitted)). Nowhere in the Complaint does Herder allege that his convictions were invalidated. Consistent with his Complaint, Herder's public criminal docket reflects that the convictions are still valid. As noted above, Herder's federal habeas petition with respect to this conviction is pending. Accordingly, because Herder's claim challenging part of his state criminal pretrial process (i.e., the arraignment) that led to his criminal convictions imply the invalidity of those intact convictions, they are not cognizable in a § 1983 action. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983."). Accordingly, the Court will dismiss the due process claim without prejudice to Herder refiling it in a new lawsuit only in the event his conviction is ultimately invalidated.[9]

---

[8] Herder also mentions in his Complaint that a telephone call he made to the police was never played during his criminal trial. (*See* Compl. at 4.) Although Herder provides no additional allegations about this telephone call, any claim based on it would nevertheless be dismissed. This is because § 1983 claims based on defects with respect to underlying criminal trials are also barred by *Heck*. *See O'Brien v. United States Fed. Gov't*, 763 F. App'x 157, 159 (3d Cir. 2019) (affirming dismissal of *Bivens* claims related to "various constitutional defects related to [the plaintiff's] trial" as barred by *Heck*).

[9] Even if Herder's due process claim was not barred by *Heck*, it would nevertheless be dismissed against Defendant Wahl. Herder has not alleged how Wahl, who is an alleged high-

    **C.**    **Sexual Abuse Claim**

In his Complaint, Herder alleges "repeated rap," which the Court understands to be an assertion that Herder was raped or otherwise sexually assaulted. To the extent that Herder intended to assert a claim for sexual abuse, he has not alleged a plausible claim. Sexual abuse and harassment violate an inmate's rights under the Eighth Amendment, which prohibits cruel and unusual punishment. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018). Claims for sexual abuse and harassment are evaluated similarly to excessive force claims in that the prisoner must allege facts plausibly establishing both objective and subjective components. *Id*. at 475 (stating that the misconduct "must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind"). Regarding the subjective component, the Court "consider[s] whether the official had a legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very purpose of causing harm.'" *Id*. (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Regarding the objective prong, the Court considers whether the action is "repugnant to the conscience of mankind" or whether it is "sufficiently serious or severe." *Id*. at 475-76 (citations omitted).

Herder has not provided any facts about the alleged sexual abuse, including when it occurred, by whom, and whether it occurred while he was incarcerated. He has therefore not raised a plausible inference as to both the objective and subjective components of a sexual abuse claim. Moreover, Herder has not alleged how Wahl or anyone else was personally involved in the alleged abuse. *See Rode*, 845 F.2d at 1207; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d

---

level official at SCI Waymart, was in any way personally involved in Herder's pretrial process associated with his state court criminal case. *See Rode*, 845 F.2d at 1207.

Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

To the extent that Wahl is named as a Defendant simply due to his high-ranking position at SCI Waymart, this is also not sufficient to state a plausible claim. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original). Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. Herder's factual allegations do not raise a plausible inference of supervisor liability against Wahl. Accordingly, Herder's Eighth Amendment claim against Wahl will be dismissed. However, given the liberal construction afforded to *pro se* pleadings, Herder will be permitted to file an amended complaint to attempt to cure the defects the Court has noted as to his Eighth Amendment claims only.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Herder leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. Herder's claims against Judge Minehart will be dismissed with prejudice. His claim for release from prison will be dismissed without prejudice to Herder asserting the claim in his pending habeas corpus action. Herder's *Heck*-barred due process claims will be dismissed without prejudice to Herder filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). Finally, Herder's Eighth Amendment sexual abuse claims are dismissed without prejudice. The Court will grant Herder leave to file an amended complaint in the event he can cure the defects the Court has identified as to his Eighth Amendment claims. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/ John Milton Younge**
**JOHN MILTON YOUNGE, J.**